IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| **BRYAN CRABTREE,** ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **GREATAMERICA FINANCIAL SERVICES** ) <br> **CORPORATION,** ) <br> an Iowa corporation; ) <br> ) <br> **DOCUSYSTEMS, INC.,** a South Carolina ) <br> corporation; ) <br> ) <br> **COASTAL CAPITAL LEASING, LLC,** a ) <br> South Carolina limited liability company; ) <br> And ) <br> **RON MILZ,** individually, ) <br> Defendants. ) | Civil Action No.: 2:25-cv-13375-RMG-MHC |

**COMPLAINT FOR DECLARATORY JUDGMENT, FRAUD, FORGERY, CIVIL CONSPIRACY, DEFAMATION, AND DAMAGES**

**JURY TRIAL DEMANDED**

## I. INTRODUCTION

This is a civil action for **declaratory relief and damages** arising from a fraudulent, forged, and defamatory scheme involving a commercial equipment lease.
Plaintiff seeks a declaration that the purported lease held by GreatAmerica Financial Services Corporation is **invalid, void, and unenforceable,** and seeks damages against

Docusystems, Coastal Capital Leasing, and Ron Milz for **fraud, forgery, conspiracy, defamation, and bad faith conduct** that caused severe financial, professional, and reputational harm.

## II. PARTIES

1. **Plaintiff, Bryan Crabtree**, is an individual and citizen of South Carolina residing in Charleston County.

2. **Defendant, GreatAmerica Financial Services Corporation** ("GreatAmerica"), is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa, engaged in purchasing and servicing equipment leases nationwide.

3. **Defendant, Docusystems, Inc.** ("Docusystems"), is a South Carolina corporation engaged in the sale and servicing of office equipment and related software.

4. **Defendant, Coastal Capital Leasing, LLC** ("Coastal Capital"), is a South Carolina limited liability company engaged in commercial lease origination and financing.

5. **Defendant, Ron Milz** ("Milz"), is an individual and, at all relevant times, an officer, employee, or agent of Coastal Capital who participated personally in the events described below.

## III. JURISDICTION AND VENUE

6. Plaintiff brings this action under **28 U.S.C. § 2201** (Declaratory Judgment Act).

7. This Court has supplemental jurisdiction over related state-law claims under **28 U.S.C. § 1367** because they arise from the same case or controversy.

8. Venue is proper in this District under **28 U.S.C. § 1391(b)** because a substantial portion of the events and omissions giving rise to the claims occurred in Charleston County, South Carolina.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff was solicited by **Docusystems** to obtain business office equipment for his professional operations.

10. Docusystems represented that it would "handle" the financing internally. In reality, its sales personnel were also acting on behalf of **Coastal Capital**, creating an undisclosed **dual-agency and conflict of interest.**

11. The equipment delivered was **not the model or configuration ordered**, and at least one machine **never worked at all.**

12. When Plaintiff reported the defects, Docusystems and/or Coastal Capital **told Plaintiff they would contact the leasing company to cancel or unwind the transaction.**

13. Plaintiff relied on that representation. It was later determined that **Defendants never contacted the leasing company** and instead allowed the lease to proceed, acting in **bad faith.**

14. Because the machines were defective and unusable, Plaintiff **returned all of the equipment** to **Docusystems and/or Coastal Capital Leasing**, and has **not been in possession of it** since.

15. Despite the return and known defects, **GreatAmerica Financial Services** has **initiated or threatened legal proceedings in Iowa** seeking to collect on the invalid lease.

16. After Plaintiff provided limited information and signatures for review, **Defendant Milz and/or others forged or affixed Plaintiff's signature** to lease documents that he did not sign and transmitted them to GreatAmerica.

17. GreatAmerica accepted and acted on the forged documents to assert obligations against Plaintiff.

## Defamation and Malicious Conduct

18. In addition to the forgery and fraudulent actions, **Defendant Ron Milz** embarked on a **malicious and libelous campaign** to harm Plaintiff's personal and professional reputation.

19. Milz sent and circulated numerous **inflammatory, false, and derogatory emails** to individuals at **GreatAmerica**, within **Coastal Capital**, and to others, calling Plaintiff **"a spoiled brat"** and making other **obnoxious, childish, and defamatory remarks** intended to **impugn Plaintiff's credibility, reputation, and integrity.**

20. Milz's communications falsely portrayed Plaintiff as dishonest, irresponsible, and unprofessional, despite knowing such claims were untrue.

21. These statements were made with **actual malice**, intending to damage Plaintiff's standing with GreatAmerica, other business partners, and industry peers.

22. As a direct result, Plaintiff's credibility and reputation suffered measurable harm and emotional distress.

23. Plaintiff has sustained losses exceeding **$150,000**, including direct financial harm, reputational damage, and the cost of responding to GreatAmerica's improper claims in Iowa.

## V. CAUSES OF ACTION

### COUNT I – DECLARATORY JUDGMENT

**(28 U.S.C. § 2201 – Against GreatAmerica Financial Services Corporation)**

24. Plaintiff incorporates paragraphs 1–23.

25. A real and substantial controversy exists regarding the validity of the alleged lease held by GreatAmerica.

26. The lease is **void ab initio** because it was procured through fraud and forgery, the equipment was never delivered as ordered, and all equipment was **returned**.

27. Despite these facts, GreatAmerica continues to seek recovery in **Iowa**, in bad faith.

28. Plaintiff seeks a **declaration** that the lease is **invalid, void, and unenforceable**, and an **injunction** prohibiting any further enforcement or collection efforts.

### COUNT II – FRAUD AND FRAUDULENT INDUCEMENT

**(Against Docusystems, Coastal Capital, and Milz)**

29. Defendants knowingly misrepresented their intent to cancel the transaction after acknowledging the equipment's defects.

30. They concealed that Docusystems' agents were acting for Coastal Capital in placing the financing.

31. These misrepresentations were material, false, and made to induce Plaintiff's reliance.

32. Plaintiff relied upon them to his detriment and suffered substantial financial damages.

33. Defendants acted intentionally, maliciously, and in bad faith.

## COUNT III – CIVIL CONSPIRACY TO DEFRAUD

### (Against All Defendants)

34. Defendants combined to induce Plaintiff into a fraudulent lease, deliver defective equipment, retain proceeds, and conceal their coordinated misconduct.

35. Plaintiff was injured and is entitled to actual and punitive damages.

## COUNT IV – FORGERY AND DOCUMENT TAMPERING

### (Against Milz and Coastal Capital Leasing)

36. Defendant Milz forged Plaintiff's signature on documents he did not authorize.

37. Coastal Capital is liable for this conduct and failed to prevent or correct it.

38. The forgery was deliberate, malicious, and designed to bind Plaintiff fraudulently to a contract.

39. Plaintiff is entitled to compensatory and punitive damages.

## COUNT V – NEGLIGENT MISREPRESENTATION / SUPERVISION

### (Against Docusystems and Coastal Capital)

40. Defendants owed Plaintiff a duty of reasonable care in handling the lease, communications with GreatAmerica, and representations about cancellation.

41. They breached that duty, directly causing Plaintiff's damages.

## COUNT VI – PIERCING THE CORPORATE VEIL / SINGLE BUSINESS ENTERPRISE

### (Against Docusystems, Coastal Capital, and Milz)

42. Docusystems and Coastal Capital operated through overlapping personnel and shared agents, functioning as a single business enterprise.

43. They used the corporate form to conceal wrongdoing and avoid accountability.

44. Equity demands that they and Milz be held jointly and severally liable.

## COUNT VII – DEFAMATION (LIBEL AND BUSINESS DISPARAGEMENT)

### (Against Ron Milz and Coastal Capital Leasing)

45. Plaintiff incorporates paragraphs 1–44.

46. Defendant Milz made and disseminated false, malicious, and defamatory statements about Plaintiff in written communications, including internal and external emails.

47. These statements accused Plaintiff of being unprofessional, dishonest, and "a spoiled brat," among other false assertions.

48. The statements were communicated to third parties, including personnel at GreatAmerica and within Coastal Capital, without privilege or justification.

49. The statements were made with **actual malice** and reckless disregard for their falsity, intending to destroy Plaintiff's credibility and reputation.

50. The communications caused **damage to Plaintiff's business relationships, standing, and emotional well-being**, and constitute libel per se.

51. Plaintiff seeks general, special, and punitive damages for defamation and reputational injury.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Declare the alleged lease with GreatAmerica **void, invalid, and unenforceable**;
B. Enjoin GreatAmerica from enforcing or pursuing any claims in **Iowa or elsewhere** concerning the returned equipment;
C. Award **compensatory damages** of not less than **$150,000**;
D. Award **punitive damages** for the willful, malicious, and defamatory conduct of Defendants;

E. Award **costs, expenses, and attorney's fees** as permitted by law; and

F. Grant such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: November 12, 2025

**Bryan Crabtree**

Plaintiff, Pro Se

18 Broad Street, Ste 201

Charleston, SC 29401

bcrabtreeiphone@gmail.com

843.343.4141

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | BRYAN CRABTREE |
| Street Address | 145 PALM COVE WAY |
| City and County | MT. PLEASANT, SC  USA  CHARLESTON |
| State and Zip Code | SOUTH CAROLINA  29466 |
| Telephone Number | 843-343-4141 |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | GREAT AMERICA FINANCIAL |
| Job or Title (if known) | c/o RANDALL ARMENTROUT |
| Street Address | 700 WALNUT STREET STE 1300 |
| City and County | DES MOINES  LINN COUNTY |
| State and Zip Code | IOWA  50309 |
| Telephone Number | |

Defendant No. 2

| | |
|---|---|
| Name | RON MILZ |
| Job or Title (if known) | SALES |
| Street Address | 1372 DIVIDEND LOOP |
| City and County | MYRTLE BEACH — HORRY |
| State and Zip Code | SC  29577 |
| Telephone Number | 843-448-4141 |

Defendant No. 3

| | |
|---|---|
| Name | COASTAL CAPITAL LEASING |

2

| | |
|---|---|
| Job or Title (if known) | DEAN CARROLL — AGENT FOR SERVICE |
| Street Address | 1372 DIVIDEND LOOP |
| City and County | MYRTLE BEACH  HORRY |
| State and Zip Code | SC  29577 |
| Telephone Number | 843-448-4141 |

Defendant No. 4

| | |
|---|---|
| Name | DOCUSYSTEMS INC. |
| Job or Title (if known) | DEAN CARROLL — AGENT FOR SERVICE |
| Street Address | 1372 DIVIDEND LOOP |
| City and County | MYRTLE BEACH  HORRY |
| State and Zip Code | SC  29577 |
| Telephone Number | 843-448-4141 |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question         ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

SEE COMPLAINT.

B. **If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

   a. If the plaintiff is an individual

      The plaintiff, *(name)* BRYAN CRABTREE, is a citizen of the State of *(name)* SOUTH CAROLINA.

   b. If the plaintiff is a corporation

      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

      The defendant, *(name)* GREAT AMERICA LEASING, is a citizen of the State of *(name)* IOWA. Or is a citizen of *(foreign nation)* _____.

   b. If the defendant is a corporation

      The defendant, *(name)* GREAT AMERICA LEASING, is incorporated under the laws of the State of *(name)* IOWA, and has its principal place of business in the State of *(name)* IOWA. Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

   *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

   SEE "PARTIES" IN COMPLAINT II

4

3.  The Amount in Controversy

    The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

    TBD  $150,000+

III. **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

SEE COMPLAINT ATTACHED.

IV. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

SEE COMPLAINT ATTACHED

5

V.  **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/12, 20 25.

Signature of Plaintiff
Printed Name of Plaintiff    BRYAN K. CRABTREE

B.  **For Attorneys**

Date of signing: _____, 20__.

Signature of Attorney       _____
Printed Name of Attorney    _____
Bar Number                  _____
Name of Law Firm            _____
Address                     _____
Telephone Number            _____
E-mail Address              _____

6